IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH L. KEEBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 05-0332-P-D |
| | ) | |
| KITCHEN & BATH CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

ORDER OF TRANSFER

This action is currently before the court for review prior to a Rule 16(b) Scheduling Conference set for Monday, October 3, 2005 (see doc.4, item E.1).  After careful review of the entire record, this court finds, *sua sponte*, that this action is due to be transferred to the United States District Court for the Northern District of Florida, Panama City Division.

On May 9, 2005, plaintiff Deborah L. Keeble, an Alabama citizen, filed this two-count tort action against defendant Kitchen & Bath Center, Inc., a Florida corporation with its principal place of business in Fort Walton Beach, Florida, in the Circuit Court of Mobile County, Alabama. *Deborah L. Keeble v. Kitchen & Bath Center, Inc., et al., CV 05-1635*.  On June 3, 2005, defendant removed the action to this federal district court pursuant to 28 U.S.C. § 1332 (doc.1).  There is no dispute that the amount in controversy exceeds the requisite minimum jurisdictional amount.  Venue has not been contested.[1]

---

[1] In the Report of the Parties' Planning Meeting, filed on September 13, 2005, defendant "advises the court that it expects to file prior to the date set for hearing on the court's scheduling order, a motion to transfer this case to the Federal District Court for the Northern District of Florida..." (doc.5, p.4, ¶2).  To date, a motion has not been filed.

Plaintiff's Complaint arises out of a traffic accident allegedly occurring on August 19, 2003, on U.S. Highway 98, in Panama City, Florida (doc.1). Plaintiff alleges that the vehicle in which she was a passenger was rear-ended by a large truck owned and/or controlled by defendant. Plaintiff alleges that defendant's negligence and wantonness proximately resulted in plaintiff sustaining serious permanent physical injuries, mental anguish, loss of enjoyment of life, and past, present, and future medical expenses. Plaintiff seeks compensation, punitive damages, and costs. Id.

Title 28 U.S.C. § 1406(a) authorizes transfers by district courts in the interest of justice. See Cox Enterprises, Inc., 691 F.2d 989, 990 (11th Cir. 1982). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." § 1406(a); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962); Berry v. Salter, 179 F.Supp.2d 1345, 1350 (M.D.Ala. (Oct. 18, 2001)) (J. DeMent). The court may transfer a case *sua sponte* under § 1406. Berry, at 1350. The language of § 1406(a) "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendant or not." Id.

Herein, plaintiff filed her action in state court only to have it removed to this federal forum by defendant. However, even removed cases meeting federal standards of statutes governing transfer of venue may be transferred. Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc., 566 F.2d 523, 1524 (5th Cir. 1978)[2]

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In deciding whether transfer is appropriate, this court "must decide 1) whether the proposed transferee court is one in which the action might have been brought; and 2) whether the transfer is warranted for the convenience of the parties and witnesses, and in the interest of justice." Cauff Lippman & Co. v. Apogee Finance Group, Inc., 745 F.Supp. 678, 682, n.8 (S.D.Fla. (Sept. 5, 1990)), distinguished on other grounds, Miot v. Kechijian, 830 F.Supp. 1460, 1463 (S.D.Fla. (July 15, 1993)).

As to the first decision to be made, the venue statute provides, in pertinent part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a); Berry, at 1349.

Herein, regarding the first particular of § 1391(a), defendant is a Florida corporation with its principal place of business in Fort Walton Beach, Florida, located in Okaloosa County, Florida, situated in the Northern District of Florida, Pensacola Division. As to the second, the alleged underlying events giving rise to this action occurred in Panama City, Florida, located in Bay County, Florida, situated in the Northern District of Florida, Panama City Division. N.D.Fla.Loc.R. 3.1(A).

With regard to the third particular of § 1391(a), there is no evident basis to indicate that defendant has sufficient minimum contacts with the State of Alabama, or with this federal forum under federal due process requirements, upon which to base this court's exercise of personal jurisdiction over defendant. See Madara v. Hill, 916 F.2d 1510, 1513 (11th Cir. 1990); see also Ala.R.Civ.P. 4.2

(Alabama's Long Arm Statute). However, as noted, the district court may transfer an action "even if it does not have personal jurisdiction over... defendant." Berry, at 1347-48. Therefore, this court finds that plaintiff's action in the Southern District of Alabama, is "laying venue in the wrong... district..." § 1406(a), and that plaintiff's action "could have been brought" in the Northern District of Florida, in either the Pensacola or Panama City Divisions, where the defendant resides, or where the alleged accident occurred.

Having found that venue is improper in this federal district court, but proper in the Northern District of Florida, the second decision to be made, is whether a transfer, rather than a dismissal is warranted in the interest of justice. Cauff Lippman, 745 F.Supp. at 682, n.8.

> The problem which gave rise to the enactment of [§ 1406(a)] was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn... The language and history... show a congressional purpose to provide as effective a remedy as possible to avoid... injustice.

Goldlawr, at 466 (footnotes omitted). It is "in the interest of justice to transfer a case when the plaintiff was diligent in filing its case, and the case would otherwise have been barred by the statute of limitations." Aguacate, 566 F.2d at 544-25; Berry, at 1350.

Herein, plaintiff alleges that the events giving rise to this action occurred on August 19, 2003 (doc.1). Plaintiff filed her action in the Circuit Court of Mobile County, Alabama, on May 9, 2005, timely under either the applicable Alabama or Florida statute of limitations. See Ala. Code § 6-2-38(l); and Fl. Stat. § 95.11(3)(a). Nevertheless, this court finds in favor of transfer, rather than dismissal. Goldlawr, 369 U.S. at 466. Further, this court finds it appropriate to transfer this action to the United States District Court For the Northern District of Florida, Panama City Division, where the alleged

accident occurred.

Accordingly, it is ORDERED *sua sponte*, that plaintiff's action be and is hereby TRANSFERRED to the Northern District of Florida, Panama City Division  The Clerk is directed to effectuate the transfer, upon the expiration of the ten-day objection period.

The Rule 16(b) Scheduling Conference set for Monday, October 3, 2005, before this court is hereby CANCELLED.

DONE this 27th day of September, 2005.

                                              S/Virgil Pittman
                                          SENIOR UNITED STATES DISTRICT JUDGE